UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY OUGEL, ET AL.                          CIVIL ACTION

VERSUS                                         NO: 07-1525

MCCOMB POLICE DEPARTMENT, ET                   SECTION: "A" (1)
AL.

<u>**ORDER AND REASONS**</u>

Before the Court is a **Motion to Alter or Amend Judgment, or Alternatively Motion for Relief from Judgment (Rec. Doc. 43)** filed by plaintiffs Emily Ougel and Anthony Ougel. Defendants, the McComb Police Department, Chief Billie T. Hughes, Sergeant Sean Gill, and James Martin (the "McComb Defendants") and the Louisiana State Police Department oppose the motion. The motion, set for hearing on November 14, 2007, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is **GRANTED**.

I.      <u>**BACKGROUND**</u>

Plaintiffs bring the instant action asserting various causes of action arising out of the death of their son, Joshua Ougel.  Plaintiffs allege that on February 2, 2007, the McComb Defendants observed their son driving on Interstate 55 at high speeds in a black Porche and began to chase him. (Pla. Compl. ¶ 20.)  The Louisiana State Police and Tangipahoa Parish Sheriff's Office joined in the

chase and assisted as Joshua Ougel drove the Porche into the State of Louisiana.  (*Id.* at ¶ 21.)  The chase came to a stop in Tickfaw, Louisiana, where the Porche was surrounded to prevent the driver from escaping.  (*Id.* at ¶¶ 22-23.)  According to Plaintiffs, Officer Wylie Foster[1] of the Amite City Police exited his vehicle and without warning fired one shot and killed Joshua Ougel.  (*Id.* at ¶ 24.)

Plaintiffs filed suit in the instant matter on April 3, 2007, naming as defendants the following entities: the McComb Police Department, its chief and two of its officers ("the McComb Defendants"); the Louisiana State Police and its superintendent; the sheriff and members of the Tangipahoa Parish Sheriff's Department; the sheriff and members of the Pike County Sheriff's Department; and Foster and members of the Amite Police Department.  (*See*, Pla. Mem. in Supp. p. 2.)

The McComb Defendants filed a Motion to Dismiss on July 31, 2007, asserting that Plaintiffs' Complaint against them should be dismissed for lack of personal jurisdiction under Rule 12(b)(2) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6).  (Rec. Doc. 23.)  On August 7, 2007, the Louisiana State Police filed an answer to the Complaint and Amended Complaint (Rec. Doc. 27) and a Motion to Dismiss (Rec. Doc. 26), arguing that the Louisiana State Police Department is immune from suit by virtue of the Eleventh Amendment of the United States Constitution.

On September 25, 2007, the Court granted Plaintiffs' motion to withdraw Terry L. Bonnie

---

[1] The Complaint refers to this individual as "Wallace Walker" (Pla. Compl. ¶ 24), while the Amended Complaint refers to him as "Wallace Foster" (Pla. Amended Compl. ¶ 24).  However, the Court notes that Plaintiffs' Memorandum in Support of Motion to Alter or Amend Judgment, or Alternatively Motion for Relief from Judgment (Rec. Doc. 43) refers to him as "Wylie Foster," explaining that "[t]he Complaint incorrectly refers to Wylie Foster as 'Wallace Foster'; however, an answer to the complaint has been filed on behalf of Mr. Foster acknowledging the typographical error."  (Pla. Mem. in Supp. p. 1 n. 1.)

as attorney of record.  (Rec. Doc. 34.)  The Order expressly states: "Plaintiff's co-counsel, Ebony Cavalier, shall remain listed as plaintiff's counsel, and be added to the Court's distribution list." (*Id.*)  Ms. Cavalier did not move to withdraw; however, the Court notes that she was not listed as counsel on the amended complaint filed on June 21, 2007 (Rec. Doc. 16).  D. Patrick Daniel and David Bateman enrolled as counsel of record on behalf of Plaintiffs on October 24, 2007.  (Rec. Doc. 46.)

On October 9, 2007, the Court granted as unopposed the motions to dismiss filed by the McComb Defendants and the Louisiana State Police Department.  The McComb Defendants' motion was set for hearing on October 3, 2007; pursuant to Local Rule 7.5E, Plaintiffs' opposition, if any, was due eight calendar days before the hearing, on September 25, 2007.  The motion filed by the Louisiana State Police was set for hearing on September 5, 2007, and the opposition was due on August 28, 2007.  Because no opposition had been filed in response to either motion, the motions were granted and the claims against the McComb Defendants and the Louisiana State Police Department were dismissed with prejudice.  (Rec. Docs. 35, 36.)

Plaintiffs move to alter or amend the orders of October 9, 2007 dismissing the McComb Defendants (Rec. Doc. 35) and the Louisiana State Police (Rec. Doc. 36).  Specifically, they pray that the prior orders dismissing these defendants be set aside or, alternatively, that the dismissals be entered "without prejudice."  (Pla. Mem. in Supp. p. 5.)  The McComb Defendants and the Louisiana State Police Department oppose this motion.

## II.   <u>DISCUSSION</u>

The Court has reviewed the memoranda submitted by counsel and concludes as follows.

A.    *The McComb Defendants*

As to the McComb Defendants, the Court's Order dismissing the McComb Defendants (Rec. Doc. 35) shall be set aside.  Counsel for the McComb Defendants shall be allowed to re-file their Motion to Dismiss after appropriate discovery has been conducted.  Counsel may refer to the magistrate assigned to this matter, Magistrate Judge Sally Shushan, for an assessment of costs.

B.    *Louisiana State Police Department*

The Order dismissing the Louisiana Police Department (Rec. Doc. 36) shall be amended so that the dismissal is entered "without prejudice."  Plaintiffs do not address the substance of the Louisiana Police Departments' arguments regarding Eleventh Amendment sovereign immunity in their Consolidated Memorandum in Opposition to Motions to Dismiss (Rec. Doc. 44).  Rather, Plaintiffs simply assert, "[i]nsofar as the allegations of the Motion to Dismiss filed by the Louisiana State Police, plaintiffs vehemently object to any dismissal of those claims with prejudice.  To the contrary, under settled jurisprudence from the 5th Circuit, any jurisdictional issues should only result in a dismissal without prejudice."  (Pla. Mem. in Opp. p. 2.)  The Court agrees.  Eleventh Amendment sovereign immunity deprives a federal court of jurisdiction to hear a suit against a state. *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996) (citing *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 907-08, 79 L.Ed.2d 67 (1984)). "Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *U.S. v. Texas Tech University*, 171 F.3d 279, 285 n. 9 (5th Cir. 1999) (quoting *Warnock*, 888 F.3d at 343).

4

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Alter or Amend Judgment, or Alternatively Motion for Relief from Judgment (Rec. Doc. 43)** filed by plaintiffs Emily Ougel and Anthony Ougel is **GRANTED**.  The **Order (Rec. Doc. 35)** dismissing the McComb Defendants shall be **VACATED**. The **Order (Rec. Doc. 36)** dismissing the Louisiana State Police shall be **AMENDED** to read that Plaintiffs' claims against the Louisiana State Police Department are **DISMISSED WITHOUT PREJUDICE**.

January 17, 2008

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

5